**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 03 2019

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BREANNA MARSHALL, Individually and**                          **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                    No. 4:19-cv-472-JM

**TRANSAMERICA CORP. and TATA**                                **DEFENDANTS**
**CONSULTANCY SERVICES LTD.**

This case assigned to District Judge _____
and to Magistrate Judge _____

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Breanna Marshall ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint–Collective Action against Defendants Transamerica Corp. and Tata Consultancy Services Ltd. ("Defendants"), she does hereby state and allege as follows:

## I.   INTRODUCTION

1.    This is a collective action bought by Plaintiff, individually and on behalf of other customer care representatives employed by Defendants at any time within a three-year period preceding the filing hereof.

2.    Plaintiff, on behalf of herself and all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay

Plaintiff and all others similarly situated lawful overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per workweek.

3.    Plaintiff brings this action individually under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff a lawful minimum wage for certain hours that Plaintiff worked up to forty (40) per workweek.

## II.    JURISDICTION

4.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    Defendants conduct business within and throughout the State of Arkansas, operating and managing a telephone call center in Little Rock, among other enterprises and other call center locations.

6.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendants reside in Arkansas; therefore, the State of Arkansas has personal jurisdiction over Defendants.

7.    Plaintiff was employed by Defendants to work at Defendants' business in Little Rock. Therefore, the acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

9.     Plaintiff Breanna Marshall is an individual and resident and domiciliary of the State of Arkansas.

10.    Plaintiff began her employment with Defendant Transamerica Corp. around October of 2017 in the Employee Benefits division.

11.    Around May of 2018, Defendant Tata Consultancy Services Ltd. took control over the Employee Benefits division at which Plaintiff worked.

12.    Defendant Transamerica Corp. is a foreign, for-profit corporation authorized to conduct business in Arkansas and may be served through its registered agent for service of process, C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

13.    Defendant Tata Consultancy Services Ltd. is a foreign limited partnership authorized to conduct business in Arkansas and may be served through its registered agent for service of process, CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

14.    Defendants sell voluntary life and supplemental health insurance products to employers at the workplace through their Employee Benefits division.

15.    Defendants have employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

16.    Each Defendant's annual gross volume of sales is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

17.    At all relevant times, Defendants were and continue to be, enterprises engaged in commerce within the meaning of the FLSA.

## IV.    **FACTUAL ALLEGATIONS**

18.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19.    Within the three years preceding the filing of this Complaint, Plaintiff worked for Defendants as a customer care representative.

20.    Plaintiff and other customer care representatives were classified by Defendants as non-exempt from the overtime requirements of the FLSA and paid an hourly rate, as well as a bonus at six-month intervals for continuing to work for Defendants.

21.    During their respective tenures operating the Employee Benefits division, Defendants were the "employer" of Plaintiff and all others similarly situated within the meaning of the FLSA.

22.    Plaintiff was an "employee" of Defendants as defined by the FLSA during their respective tenures operating the Employee Benefits division.

23.    At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

24.    Defendants directly hired Plaintiff and all others similarly situated to work in Defendant's customer service call center(s), paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.     Defendants failed to accurately record all of the time worked by Plaintiff and the other customer care representatives and failed to properly compensate all of the off-the-clock hours.

26.     Plaintiff and other customer care representatives were regularly scheduled to work forty (40) hours per week.

27.     At least one to three times each week, Plaintiff and other customer care representatives were on customer service phone calls at the time their shifts ended. Plaintiff and other customer care representatives were not compensated for their time spent on the phone after their shifts ended. These calls could take anywhere between five to twenty minutes past the end of their shift.

28.     The post-shift work described above was in addition to the recorded hours of work performed by Plaintiff and other customer care representatives during their regularly-scheduled shifts.

29.     As such, there was a disparity between Defendants' records and Plaintiff's actual hours worked.

30.     As a direct result of Defendants' policies, even though Plaintiff and other customer care representatives worked more than forty (40) hours in many weeks that they worked for Defendants during time period relevant to this Complaint, they were not compensated for all of their overtime hours worked.

31.     Defendants have deprived Plaintiff and other customer care representatives of regular wages and overtime compensation for all of their hours worked over forty (40) per week.

32.    Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and all others similarly situated violated the FLSA.

33.    Additionally, while working for Defendant Tata Consultancy Services Ltd., Plaintiff took approved medical leave pursuant to the Family and Medical Leave Act from about November of 2018 until about April of 2019.

34.    Defendant Tata Consultancy Services Ltd., paid Plaintiff during her leave.

35.    Upon returning to work, Defendant Tata Consultancy Services Ltd., began withholding Plaintiff's entire check and told her this would continue until she had reimbursed Defendant for the amounts paid to Plaintiff during her leave.

36.    This resulted in Plaintiff performing work for Defendant Tata Consultancy Services Ltd., for which she was not compensated at all.

37.    Upon information and belief, the payments made to Plaintiff during her leave were not an accidental overpayment which could be deducted from her subsequent paychecks.

38.    During the period in which she received a complete paycheck deduction, which lasted approximately a month and a half until Plaintiff quit working for Defendant in May of 2019, Plaintiff was not paid a lawful minimum wage.

39.    Defendant Tata Consultancy Services Ltd., knew or showed reckless disregard for whether the paycheck deduction violated the FLSA and AMWA.

## V.    COLLECTIVE ACTION ALLEGATIONS

40.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated customer care representatives at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) per week;

B.      Liquidated damages; and

C.      The costs of this action, including attorney's fees.

42.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file shortly her Consent to Join this lawsuit.

43.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

44.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were employed by Defendant as customer care representatives;

B.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

C.      They recorded their time in the same manner; and

D.      They were subject to Defendant's common policy requiring them to perform work off-the-clock and denying them the proper overtime compensation for that work in violation of the FLSA.

45.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the class exceeds sixty persons.

46.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

47.     Defendant can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Overtime Violation of the FLSA against Defendants)

48.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

50.     29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half times (1.5) their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff for all hours worked, including an overtime rate of one

and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

52.     Defendants' failure to pay Plaintiff all wages owed was willful.

53.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

54.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Individual Claim for Minimum Wage Violation of the FLSA against Defendant Tata Consultancy Services Ltd.)

55.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

57.     29 U.S.C. § 206 requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.     Despite the entitlement of Plaintiff to a lawful minimum wage under the FLSA, Defendant Tata Consultancy Services Ltd. failed to pay Plaintiff for any hours worked after she returned from her medical leave.

59.     Defendant Tata Consultancy Services Ltd.'s failure to pay Plaintiff a lawful minimum wage was willful.

60.     By reason of the unlawful acts alleged herein, Defendant Tata Consultancy Services Ltd. is liable to Plaintiff for, and Plaintiff seeks, unpaid minimum wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

61.     Alternatively, should the Court find that Defendant Tata Consultancy Services Ltd. acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     THIRD CLAIM FOR RELIEF
### (Individual Claim for Overtime Violation of the AMWA against Defendants)

62.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

64.     Ark. Code Ann. §11-4-211 requires employers to pay each employee one and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

65.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff for all hours worked, including an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

66.     Defendants' failure to pay Plaintiff all wages owed was willful.

67.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

68.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX.     FOURTH CLAIM FOR RELIEF
### (Individual Claim for Minimum Wage Violation of the AMWA against Defendant Tata Consultancy Services Ltd.)

69.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

70.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

71.     Ark. Code Ann. § 11-4-210 requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

72.     Despite the entitlement of Plaintiff to a lawful minimum wage under the AMWA, Defendant Tata Consultancy Services Ltd. failed to pay Plaintiff for any hours worked after returning from her medical leave.

73.     Defendant Tata Consultancy Services Ltd.'s failure to pay Plaintiff a lawful minimum wage was willful.

74.     By reason of the unlawful acts alleged herein, Defendant Tata Consultancy Services Ltd. is liable to Plaintiff for, and Plaintiff seeks, unpaid minimum wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

75.     Alternatively, should the Court find that Defendant Tata Consultancy Services Ltd. acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## X.     FIFTH CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA against Defendants)

76.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA.

78.     29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

79.     Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and those similarly situated for all hours worked, including an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.

80.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All customer care representatives within the past three years.**

81.     Defendants' failure to pay Plaintiff and those similarly situated all wages owed was willful.

82.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and those similarly situated for, and Plaintiff and those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

83.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and those similarly situated as provided by the FLSA, Plaintiff and those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate

## XI.     **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Breanna Marshall, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.     That Defendants be summoned to appear and answer this Complaint;

B.     That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C.     For orders regarding certification of and notice to the proposed collective action members;

D.     A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.      A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

F.      Judgment for damages for all minimum wages owed to Plaintiff and all unpaid overtime compensation owed to Plaintiff and the proposed collective members under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.      Judgment for damages for all minimum wages owed to Plaintiff and all unpaid overtime compensation owed to Plaintiff and the proposed collective members under the AMWA and the related regulations;

H.      Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 216, in an amount equal to all unpaid minimum wages owed to Plaintiff and overtime compensation owed to Plaintiff and the proposed collective members during the applicable statutory period;

I.      Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.      For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**BREANNA MARSHALL, Individually
and On Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com